UNITED STATES DISTRICT COURT

**25-cv-00945-RPK-RML**

EASTERN DISTRICT OF NEW YORK

Jillbert Sadigh, (the Jillbert Sadigh I'm aware of)

    Plaintiff,

v.

102 Precinct of the New York City Police Department, Officer Guitonez, Safe Horizon,

and the City of New York,

    Defendants.

COMPLAINT

(For Violations of Civil Rights, Negligence, and Intentional Infliction of Emotional Distress)

I. INTRODUCTION

    1.    This action arises out of Defendants' alleged failure to properly investigate a domestic violence report and provide adequate protection to Plaintiff, a domestic violence victim and survivor. On February 10, 2025, Plaintiff, Jillbert Sadigh, filed a report regarding domestic violence incidents. However, when Plaintiff appeared at the 102 Precinct to speak with Officer Guitonez regarding her report, she was not spoken with, received no follow-up communication, and her report was never investigated.

    2.    Plaintiff was repeatedly sent back and forth between Queens Criminal Court and received no protective order against the individuals named in the report.

    3.    As a result of these actions, Plaintiff alleges her constitutional and statutory rights to safety and due process were violated, causing severe emotional distress and further harm.

II. PARTIES

    4.    Plaintiff:

    Jillbert Sadigh is a resident of [City, State] and is a victim and survivor of domestic violence who sought help and protection through the proper channels.

    5.    Defendant 1 – 102 Precinct of the New York City Police Department:

REC'D IN PRO SE OFFICE
FEB 18 '25 AM 9:10

The 102 Precinct is responsible for investigating and responding to criminal matters within its jurisdiction.

6.    Defendant 2 – Officer Guitonez:

Officer Guitonez is an employee of the New York City Police Department assigned to the 102 Precinct.

7.    Defendant 3 – Safe Horizon:

Safe Horizon is an organization that provides support and services to domestic violence survivors and is alleged to have failed in its duty to assist Plaintiff.

8.    Defendant 4 – The City of New York:

The City of New York is responsible for the policies, practices, and oversight of its police department and associated agencies and may be held liable for the actions or omissions of its employees.

## III. JURISDICTION AND VENUE

9.    Jurisdiction:

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 for federal civil rights claims, as well as under 28 U.S.C. § 1332 for diversity jurisdiction if applicable.

10.    Venue:

Venue is proper in the Eastern District of New York because the events giving rise to this Complaint occurred within its jurisdiction, and Defendants conduct business or reside in this district.

## IV. FACTUAL ALLEGATIONS

11.    On February 10, 2025, Plaintiff, Jillbert Sadigh, made a report regarding domestic violence incidents, which was duly recorded by the 102 Precinct.

12.    Plaintiff subsequently visited the 102 Precinct to speak with Officer Guitonez regarding her report. Despite her efforts, Officer Guitonez neither spoke with her nor provided any follow-up communication.

13.    Plaintiff's report was never investigated; no arrests were made, and no order of protection was issued against the individuals named in the report.

14.    Instead, Plaintiff was sent back and forth between Queens Criminal Court and other administrative channels without any effective assistance or protection.

15. Defendants' inaction and failure to investigate or protect Plaintiff have resulted in a continued threat to her safety and have compounded her trauma as a victim and survivor of domestic violence.

V. CAUSES OF ACTION

COUNT I – VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

16. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

17. Defendants, acting under color of state law, deprived Plaintiff of her rights to due process and equal protection by failing to investigate her domestic violence report and provide necessary protection.

18. As a direct result of these actions, Plaintiff suffered severe emotional distress, endangerment of her physical safety, and other damages.

COUNT II – NEGLIGENCE

19. Plaintiff incorporates by reference all preceding paragraphs.

20. Defendants owed a duty to investigate credible reports of domestic violence and to take appropriate measures to protect individuals reporting such crimes.

21. Defendants breached that duty by failing to investigate Plaintiff's report, not communicating with Plaintiff, and not issuing any protective order.

22. As a proximate result of Defendants' negligence, Plaintiff suffered emotional distress, further exposure to harm, and additional economic and psychological injuries.

COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

23. Plaintiff incorporates by reference all preceding paragraphs.

24. Defendants' actions, including the deliberate disregard for Plaintiff's report and safety, were extreme and outrageous and beyond the bounds tolerated by society.

25. These actions were intended to, and did, cause Plaintiff severe emotional distress and mental anguish.

VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jillbert Sadigh, respectfully requests that this Court:

a. Declare that Defendants' actions violated Plaintiff's civil rights and constituted negligence and intentional infliction of emotional distress;

b. Issue an order requiring Defendants to institute proper investigative and protective measures, including, but not limited to, the issuance of an appropriate protective order;

c. Award compensatory damages in an amount to be determined at trial for emotional distress, mental anguish, economic loss, and other injuries;

d. Award punitive damages to deter similar future conduct;

e. Award Plaintiff her reasonable costs, attorneys' fees, and any other relief that the Court deems just and proper; and

f. Grant such other and further relief as may be just and proper.

VII. JURY TRIAL DEMANDED

Plaintiff, Jillbert Sadigh, hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Jillbert Sadigh, Pro Se  (the Jillbert Sadigh I'm aware of)

Plaintiff  Jill Sadigh

Dated: _____02/17/2025_____

83-60 118 St. Apt 48.
Kew Gardens, NY 11415

# Addresses

102 precinct - (TO) Captain pratima maldonado
87-34 118th Street, Richmond Hill, NY 11418

Officer Guitonez - 87-34 118th Street, Richmond Hill, NY 11418

Safe Horizon - (Safe Horizon Inc) 2 Lafayette Street, NEW YORK, NY 10007

City of New York - (TO) Corporation counsel at 100 Church street, NEW YORK, NY 10007