UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

IN RE JILLBERT SADIGH CASES*             **MEMORANDUM AND ORDER**

-------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

Between February 18, 2025 and March 7, 2025, Jillbert Sadigh, a frequent *pro se* plaintiff in this district, filed thirty-four cases *in forma pauperis*. This memorandum and order addresses all except *Sadigh v. City of New York*, No. 25-CV-948 (RPK) (RML), which will be addressed in a separate order. Consistent with the Court's obligation to screen cases filed *in forma pauperis* for defects, *see* 28 U.S.C. § 1915(e)(2), in each of these thirty-three cases, plaintiff's motion to proceed *in forma pauperis* is granted, but plaintiff is ordered to show cause within thirty days of this memorandum and order why the case should not be dismissed on the grounds identified herein. Additionally, plaintiff is again warned that, if she continues to file vexatious, harassing, and duplicative lawsuits, the Court may enjoin her from filing any more cases *in forma pauperis* without first obtaining leave of court.

---

* This order relates to the following cases: *Sadigh v. 102 Precinct*, No. 25-CV-945 (RPK) (RML); *Sadigh v. Defense Intelligence Agency*, No. 25-CV-947 (RPK) (RML); *Sadigh v. Biden*, No. 25-CV-949 (RPK) (RML); *Sadigh v. LIJ Medical Center*, No. 25-CV-950 (RPK) (RML); *Sadigh v. Pinkhasov*, No. 25-CV-1038 (RPK) (RML); *Sadigh v. Vekua*, No. 25-CV-1044 (RPK) (RML); *Sadigh v. Tavakoli*, No. 25-CV-1051 (RPK) (RML); *Sadigh v. Shoigu*, No. 25-CV-1053 (RPK) (RML); *Sadigh v. Bogdanos*, No. 25-CV-1055 (RPK) (RML); *Sadigh v. Pinkhasov*, No. 25-CV-1056 (RPK) (RML); *Sadigh v. Pinkhasov*, No. 25-CV-1057 (RPK) (RML); *Sadigh v. Dodon*, No. 25-CV-1058 (RPK) (RML); *Sadigh v. Pinkhasov*, No. 25-CV-1059 (RPK) (RML); *Sadigh v. Fleture*, No. 25-CV-1060 (RPK) (RML); *Sadigh v. Pinkhasov*, No. 25-CV-1200 (RPK) (RML); *Sadigh v. Pulido*, No. 25-CV-1204 (RPK) (RML); *Sadigh v. Northwell Health*, No. 25-CV-1208 (RPK) (RML); *Sadigh v. Assist Ambulance*, No. 25-CV-1209 (RPK) (RML); *Sadigh v. FDNY*, No. 25-CV-1210 (RPK) (RML); *Sadigh v. Jamaica Hospital*, No. 25-CV-1212 (RPK) (RML); *Sadigh v. Pinkhasov*, No. 25-CV-1213 (RPK) (RML); *Sadigh v. State of New York*, No. 25-CV-1216 (RPK) (RML); *Sadigh v. Pinkhasov*, No. 25-CV-1223 (RPK) (RML); *Sadigh v. NY Presbyterian*, No. 25-CV-1225 (RPK) (RML); *Sadigh v. Hernandez*, No. 25-CV-1226 (RPK) (RML); *Sadigh v. EBMG LLC*, No. 25-CV-1261 (RPK) (RML); *Sadigh v. ACS*, No. 25-CV-1263 (RPK) (RML); *Sadigh v. Goldstein & Greenlaw*, No. 25-CV-1264 (RPK) (RML); *Sadigh v. Torbatian*, No. 25-CV-1266 (RPK) (RML); *Sadigh v. Dekalp Management Inc.*, No. 25-CV-1267 (RPK) (RML); *Sadigh v. Brooklyn Hospital Center*, No. 25-CV-1419 (RPK) (RML); *Sadigh v. Army Intelligence*, No. 25-CV-1420 (RPK) (RML); and *Sadigh v. Pinkhasov*, No. 25-CV-1421 (RPK) (RML).

**LEGAL PRINCIPLES**

When a party proceeds *pro se*, her pleadings must be "liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted). *Pro se* status, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (citation omitted).

Construed liberally, each of plaintiff's complaints suffers from one or more common legal defects explained below.

## I.     Frivolous Suits

Section 1915 requires the Court to dismiss an action filed *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous." 28 U.S.C. § 1915(e)(2)(i). "An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citation and quotation marks omitted).

## II.     Subject-Matter Jurisdiction

A federal court must have subject-matter jurisdiction to decide a case. *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). In general, a federal district court has subject-matter jurisdiction over cases when there is "diversity of citizenship" among the parties and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332, or when a "federal question" is presented, *see id.* § 1331. As the party asserting the Court's jurisdiction, plaintiff

2

bears the burden of establishing that subject-matter jurisdiction exists. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Diversity jurisdiction requires complete diversity between the plaintiffs and defendants, meaning that all plaintiffs are citizens of states diverse from those of all defendants. *Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020) (per curiam). For a natural individual, citizenship is determined by domicile, meaning "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 53 (2d Cir. 2019). A corporation is "considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). Both limited liability companies ("LLCs") and limited liability partnerships ("LLPs") take the citizenship of each of their members and partners, respectively. *Id.* at 49; *Roche Cyrulnik Freedman LLP v. Cyrulnik*, 582 F. Supp. 3d 180, 187 (S.D.N.Y. 2022). And finally, a "political subdivision of a State," like a municipality, "is a citizen of the State for diversity purposes." *Schiavone Constr. Co. v. City of New York*, 99 F.3d 546, 548 (2d Cir. 1996) (citation omitted).

Federal-question jurisdiction generally "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *State ex rel. Tong v. Exxon Mobil Corp.*, 83 F.4th 122, 132 (2d Cir. 2023) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "[T]he 'general rule' is that federal courts lack federal-question jurisdiction 'if the complaint does not affirmatively allege a federal claim.'" *Ibid.* (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)); *see Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) ("This provision for federal-question jurisdiction is invoked by and large by plaintiffs

3

pleading a cause of action created by federal law."). Further, a "claim invoking federal-question jurisdiction . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 n.10 (2006) (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 98 (1998) ("Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." (quotation marks and citation omitted)).

## III.   Sovereign Immunity

"A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (per curiam) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)); *see also* 28 U.S.C. § 1915(e)(2)(iii) (requiring courts to dismiss a case that "seeks monetary relief against a defendant who is immune from such relief").

### A.   State Sovereign Immunity

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "The Eleventh Amendment has been interpreted as also barring suits in federal court against a state brought by that state's own citizens." *Mary Jo C. v. N.Y. State & Loc. Ret. Sys.*, 707 F.3d 144, 151 (2d Cir. 2013). "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment

4

immunity when acting pursuant to its authority under Section 5 of the Fourteenth Amendment." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (quotation marks, brackets, and citation omitted). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* (citation omitted). "For suits against states or their agencies, '[t]his jurisdictional bar applies regardless of the nature of the relief sought.'" *Lee v. Dep't of Child. & Fams.*, 939 F. Supp. 2d 160, 165 (D. Conn. 2013) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)).

### B.    Federal Immunities

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *accord Coutlis v. Biden*, No. 24-CV-2193 (NRM) (LB), 2024 WL 1719638, at *2 (E.D.N.Y. Apr. 22, 2024) ("[T]he doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against federal agencies and federal officers sued in their official capacities . . . , except where sovereign immunity has been waived."). "The doctrine of sovereign immunity is jurisdictional in nature, and therefore to prevail, the plaintiff bears the burden of establishing that her claims fall within an applicable waiver." *Makarova*, 201 F.3d at 113 (citation omitted).

The President of the United States possesses absolute immunity from suits for damages predicated on acts within the "outer perimeter" of his official responsibility. *Nixon v. Fitzgerald*, 457 U.S. 731, 756 (1982); *accord Dixon v. Biden*, No. 23-CV-0748 (LTS), 2023 WL 3976929, at *2 (S.D.N.Y. June 12, 2023) (explaining that the President "is absolutely immune from suit for damages predicated on his official acts" (quotation omitted)). This immunity extends to former Presidents as well. *Perkins v. Biden*, No. 24-CV-138 (NRM) (TAM), 2025 WL 90129, at *2 (E.D.N.Y. Jan. 14, 2025); *see Nixon*, 457 U.S. at 749 ("[P]etitioner, as a former President of the

5

United States, is entitled to absolute immunity from damages liability predicated on his official acts."). Further, "[i]t is settled precedent that courts generally have 'no jurisdiction of a bill to enjoin the President in the performance of his official duties,' although the Supreme Court has narrowly 'left open the question whether the President might be subject to a judicial injunction requiring the performance of a purely "ministerial" duty.'" *Pen Am. Ctr., Inc. v. Trump*, 448 F. Supp. 3d 309, 327 (S.D.N.Y. 2020) (quoting *Franklin v. Massachusetts*, 505 U.S. 788, 802 (1992) (plurality opinion)); *accord Severino v. Biden*, 71 F.4th 1038, 1042 (D.C. Cir. 2023).

## IV.    Non-Suable Entities

Agencies of the City of New York, like the New York Police Department ("NYPD"), the Fire Department of New York ("FDNY"), and the Administration for Children's Services ("ACS") are non-suable entities. *See* N.Y.C. Charter § 396 (providing that claims must "be brought in the name of the city of New York and not in that of any agency"); *see, e.g.*, *McCoy v. Admin. for Child.'s Servs.*, No. 23-CV-3019 (HG) (SJB), 2024 WL 4379584, at *9 (E.D.N.Y. Aug. 9, 2024) (dismissing claims against ACS and the NYPD); *Olabopo v. Gomes*, No. 13-CV-5052 (RRM) (LB), 2016 WL 5477586, at *3 (E.D.N.Y. Sept. 29, 2016) (dismissing claims against the NYPD and FDNY).

## V.    Section 1983

Section 1983 provides a cause of action for violations of rights secured by the federal Constitution or federal statute. *See* 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must show that (1) the defendant acted under color of state law and that (2) as a result of the defendant's actions, the plaintiff suffered a denial of federal statutory rights or constitutional rights or privileges. *Annis v. County of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998).

### A.      State Action Requirement

Under Section 1983, "constitutional torts are only actionable against state actors or private parties acting 'under the color of' state law." *Betts v. Shearman*, 751 F.3d 78, 84 (2d Cir. 2014). A private entity will be found to have acted under color of state law when its actions can be said to be "fairly attributable to the State." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) (citation omitted). A nominally private entity's actions are "attributable to the state" when (1) "the entity acts pursuant to the coercive power of the state or is controlled by the state"; (2) "the state provides significant encouragement to the entity, the entity is a willful participant in joint activity with the state, or the entity's functions are entwined with state policies"; or (3) "the entity has been delegated a public function by the state." *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (citation omitted).

### B.      Municipal Liability

"When a plaintiff sues a municipality, such as the City of New York, . . . under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's . . . employees or agents engaged in some wrongdoing." *El Dey v. Bd. of Corr.*, No. 22-CV-2600 (LTS), 2022 WL 2237471, at *6 (S.D.N.Y. June 22, 2022) (footnote omitted). Instead, "[t]he plaintiff must show that the municipality . . . itself caused the violation of the plaintiff's rights." *Ibid.* (citing *Connick v. Thompson*, 563 U.S. 51, 60 (2011), and *Cash v. County of Erie*, 654 F.3d 324, 333 (2d Cir. 2011)). In other words, a plaintiff who seeks to hold a municipality liable under Section 1983 must allege (1) "an official policy or custom," that (2) "cause[d] the plaintiff to be subjected to," (3) a "denial" of a federally guaranteed right. *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007). A plaintiff can allege a municipal policy or custom by pointing to "decisions of a government's lawmakers, the acts of its policymaking officials, [or] practices so persistent and widespread as to practically have the force of law." *Connick*, 563 U.S. at 61.

7

## VI.    No Duty to Investigate

"[N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors."  *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989).  "Police officers have discretion to conduct investigations and initiate arrests, and are charged with acting for the benefit of the public, not private citizens."  *Wilson v. City of New York*, No. 18-CV-7301 (AMD) (LB), 2020 WL 5709200, at *5 (E.D.N.Y. Sept. 24, 2020).  "[P]olice officers have no affirmative duty to investigate complaints, as the government and its agents are under no general duty to provide public services or protection to individual citizens."  *Morris v. City of New York*, No. 14-CV-1749 (JG) (LB), 2015 WL 1914906, at *5 (E.D.N.Y. Apr. 27, 2015) (citing *DeShaney*, 489 U.S. at 197); *accord Ekeoma v. City of New York*, No. 23-CV-946 (AMD) (LB), 2024 WL 4225709, at *11 (E.D.N.Y. Sept. 18, 2024) ("A police officer's failure to take a report or to investigate are not actionable.").

There are two exceptions to this general principle.  First, the state "may owe a constitutional obligation to the victim of private violence if the state had a 'special relationship' with the victim" (known as the "special relationship exception").  *Matican v. City of New York*, 524 F.3d 151, 155 (2d Cir. 2008).  Involuntary custody is "the linchpin of any special relationship exception."  *Id.* at 156; *see ibid.* (giving as examples the relationships between the state and individuals who are incarcerated and involuntarily institutionalized).  Second, the state may owe obligations to a victim of private violence "if its agents in some way had assisted in creating or increasing the danger to the victim" (known as the "state-created danger exception").  *Id.* at 155.

8

**DISCUSSION**

Plaintiff is ordered to show cause why each of her thirty-three cases should not be dismissed for the respective reasons identified herein.

## I.     Frivolous Factual Allegations

At the outset, at least eight of plaintiffs' complaints contain fantastical allegations that appear to be frivolous.  In 25-CV-1053 and 25-CV-1058, plaintiff alleges that two high-ranking officials from other countries—senior Russian defense official Sergei Shoigu and former Moldovan President Igor Dodon—are either personally stalking plaintiff in New York City, or have tasked clones or identical impersonators to do so.  *See generally* Compl., No. 25-CV-1053 (Dkt. #1); Compl., No. 25-CV-1058 (Dkt. #1).  In 25-CV-1208, 25-CV-1209, 25-CV-1212, 25-CV-1225, and 25-CV-1419, plaintiff claims that several hospitals and one private ambulance service are stalking her, based on nothing more than her frequent observation of vehicles belonging to those defendants on the streets in New York City.  *See generally* Compl., No. 25-CV-1208 (Dkt. #1) (Northwell Health); Compl., No. 25-CV-1209 (Dkt. #1) (Assist Ambulance); Compl., No. 25-CV-1212 (Dkt. #1) (Jamaica Hospital Medical Center); Compl., No. 25-CV-1225 (Dkt. #1) (NewYork-Presbyterian Hospital); Compl., No. 25-CV-1419 (Dkt. #1) (The Brooklyn Hospital Center).   And in 25-CV-1420, plaintiff names as defendants several dozen national and international military, law-enforcement, and intelligence agencies, as well as several private defense contractors, claiming a conspiracy to illegally surveil and harass plaintiff and her daughter. *See generally* Compl., No. 25-CV-1420 (Dkt. #1).

Plaintiff offers no factual basis to support any of the alleged wrongdoing in her complaints. Because these eight suits appear to be "the product of delusion or fantasy," they appear to be frivolous. *Livingston*, 141 F.3d at 437 (citation omitted).

9

## II.    Exclusively State-Law Claims Asserted Against Non-Diverse Defendants

In at least twenty cases, plaintiff has failed to establish a basis for either federal-question or diversity jurisdiction.

### A.    Suits Against Eduard Pinkhasov

In eight cases, plaintiff has sued an individual named Eduard Pinkhasov, sometimes alone and sometimes in conjunction with other defendants.

In the cases numbered 25-CV-1038, 25-CV-1056, 25-CV-1057, 25-CV-1059, and 25-CV-1213, plaintiff names Pinkhasov as the sole defendant.  None of these suits brings any federal claims; instead, plaintiff asserts state-law torts including, *inter alia*, stalking, invasion of privacy, intentional infliction of emotional distress, sexual assault, assault, and battery.  Accordingly, the Court lacks federal-question jurisdiction over these suits.  Further, plaintiff alleges that both she and Pinkhasov are residents of the state of New York.  *See* Compl. ¶¶ 6–7, No. 25-CV-1038 (Dkt. #1); Compl. ¶¶ 5–6, No. 25-CV-1056 (Dkt. #1); Compl. ¶¶ 7–8, No. 25-CV-1057 (Dkt. #1); Compl. ¶¶ 5–6, No. 25-CV-1059 (Dkt. #1); Compl. ¶¶ 3–4, No. 25-CV-1213 (Dkt. #1).  Not only are allegations of residence insufficient to establish a party's citizenship for purposes of diversity jurisdiction, but plaintiff's allegations that both she and Pinkhasov reside in New York affirmatively suggest that diversity is absent.  *See Powell v. Maldonado*, No. 23-CV-826 (RPK) (PK), 2025 WL 20087, at *4 (E.D.N.Y. Jan. 2, 2025).  Accordingly, plaintiff has not met her burden to establish jurisdiction.

In two more cases, numbered 25-CV-1200 and 25-CV-1223 defendant sues Pinkhasov in addition to other defendants, again bringing exclusively state-law claims.  Once again, in the absence of a federal claim, federal-question jurisdiction is absent.  Plaintiff also fails to adequately plead the citizenship of these other defendants.  *See* Compl. at 1–2, No. 25-CV-1200 (Dkt. #1) (alleging only the residence of Detective McKevitt and failing to allege the principal place of

business and state of incorporation of Safe Horizon, a nonprofit corporation); Compl. ¶ 7, No. 25-CV-1223 (Dkt. #1) (failing to allege the principal place of business and state of incorporation of the Davidoff Law Firm, which appears to be a professional corporation).  And finally, because of the rule of complete diversity, the presence of even one diversity-destroying defendant—as at least Pinkhasov appears to be—defeats the exercise of diversity jurisdiction even if the other defendants are of diverse citizenship from plaintiff.

Finally, in the case numbered 25-CV-1421, plaintiff sues Pinkhasov alone but, in addition to her state-law claims, also states that "Defendant's actions may also constitute a violation of federal laws, including but not limited to violations of the Eighth and Fourteenth Amendments of the U.S. Constitution."  Compl. ¶ 17, No. 25-CV-1421 (Dkt. #1).  Construed liberally, plaintiff appears to seek to bring Section 1983 claims against Pinkhasov for violations of the Eighth and Fourteenth Amendments.  These claims are "wholly insubstantial and frivolous," as plaintiff has alleged no facts suggesting either that Pinkhasov is himself a state actor or has acted in concert with the state in a way that would permit his actions to be attributable to a state actor.  *See* page 7, supra.  Accordingly, this claim may be disregarded for purposes of subject-matter jurisdiction.  *See Arbaugh*, 546 U.S. at 513 n.10.  And because plaintiff has again failed to show diversity, the Court may not exercise diversity jurisdiction over the remainder of her claims.

### B.    Suits Against Other Individual Defendants

In six cases—25-CV-1044, 25-CV-1055, 25-CV-1060, 25-CV-1204, 25-CV-1226, and 25-CV-1266—plaintiff sues individual defendants other than Pinkhasov, again bringing only state-law claims.  In the absence of any federal claims, federal-question jurisdiction is absent.  Plaintiff also fails to adequately plead either her own citizenship or that of the individual defendants.  To the extent she does, she alleges that both she and the defendants are residents of the state of New York.  *See* Compl. 4, No. 25-CV-1044 (Dkt. #1) (Zaal Vekua); Compl. ¶¶ 1–3, No. 25-CV-1055

11

(Dkt. #1) (Matthew Bogdanos and Angela Feliciano); Compl. 1, No. 25-CV-1060 (Dkt. #1) (Patricia Fleture); Compl. ¶¶ 3–4, No. 25-CV-1204 (Dkt. #1) (Jose Pulido); Compl. ¶¶ 3–4, No. 25-CV-1266 (Dkt. #1) (Anita Torbatian); *see also* Compl. ¶¶ 5–6, No. 25-CV-1226 (Dkt. #1) (alleging only that Louis Hernandez is employed in New York). Accordingly, plaintiff has not met her burden to establish complete diversity as required for the exercise of diversity jurisdiction.

### C.    Suits Against a Corporation, LLC, or LLP

In three cases—25-CV-1261, 25-CV-1264, and 25-CV-1267—plaintiff sues a corporation, LLC, or LLP, each for negligence and intentional infliction of emotional distress. In the absence of any federal claims, federal-question jurisdiction is absent. Plaintiff also fails to adequately plead either her own citizenship or that of the individual defendants. In the case numbered 25-CV-1261, plaintiff sues EBMG LLC, her apartment building's property-management company, but fails to allege the identity and citizenship of each of the LLC's members. *See generally* Compl., No. 25-CV-1267 (Dkt. #1). In the case numbered 25-CV-1264, plaintiff sues the law firm Goldstein and Greenlaw LLP but fails to allege the identity of and citizenship of each of the LLP's partners. *See generally* Compl., No. 25-CV-1264 (Dkt. #1). And in the case numbered 25-CV-1267, plaintiff sues Delkap Management Inc., her former property-management company, but fails to allege its principal place of business and state of incorporation. *See generally* Compl., No. 25-CV-1267 (Dkt. #1). Accordingly, plaintiff has not met her burden to establish complete diversity as required for the exercise of diversity jurisdiction. *See* pages 2–4, *supra*.

### D.    Other Suits

In the case numbered 25-CV-950, plaintiff sues the private hospitals Long Island Jewish Medical Center and Zucker Hillside Hospital and several "John Doe" employees for false imprisonment, negligence, intentional infliction of emotional distress, fraudulent misrepresentation, and a violation of the Health Insurance Portability and Accountability Act

12

(HIPAA) arising out of her apparently involuntary psychiatric detention between January 26, 2025 and February 4, 2025. *See generally* Compl., No. 25-CV-950 (Dkt. #1). Plaintiff's only recognizably federal claim is for a violation of HIPAA, but it is well-established that "there is no private cause of action under HIPAA." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 244 (2d Cir. 2020) (per curiam). Accordingly, this claim is "wholly insubstantial and frivolous" and may be disregarded for purposes of subject-matter jurisdiction. *See Arbaugh*, 546 U.S. at 513 n.10. And because plaintiff fails to adequately allege the citizenship of any of the defendants, *see generally* Compl., No. 25-CV-950, plaintiff has failed to establish complete diversity, and the Court may not exercise diversity jurisdiction over the remainder of her state-law claims.

In the case numbered 25-CV-1051, plaintiff sues six individual defendants and ACS, bringing claims for state-law negligence, intentional infliction of emotional distress, assault and battery, and conspiracy arising out of injuries plaintiff's daughter suffered while under the individual defendants' care. *See generally* Compl., No. 25-CV-1051 (Dkt. #1). Plaintiff's claims against ACS must be dismissed because ACS is a non-suable entity. *See* page 6, *supra*. Even if the Court were to substitute the City of New York as the proper party, the Court would lack subject-matter jurisdiction over the entire action. In the absence of any federal claims, federal-question jurisdiction is absent. Plaintiff also fails to adequately plead either her own citizenship or that of the individual defendants. To the extent she does, she alleges that both she and the defendants are residents of the state of New York. *See* Compl. 1, No. 25-CV-1051 (alleging plaintiff and all individual defendants are residents of New York). And, as explained at page 3, *supra*, the City of New York is a citizen of New York. Accordingly, plaintiff has not met her burden to establish complete diversity as required for the exercise of diversity jurisdiction.

And finally, in the case numbered 25-CV-1210, plaintiff sues the FDNY, bringing claims for harassment, stalking, and intentional infliction of emotional distress. *See generally* Compl., No. 25-CV-1210 (Dkt. #1). This suit must be dismissed because the FDNY is a non-suable entity. *See* page 6, *supra*. Even if the Court were to substitute the City of New York as the proper party, the Court would lack subject-matter jurisdiction over the action. In the absence of any federal claims, federal-question jurisdiction is absent. Plaintiff also fails to adequately plead her own citizenship. To the extent she does, she alleges that she is a resident of the state of New York. *See* Compl. 1. As explained at page 3, *supra*, the City of New York is a citizen of New York. Accordingly, plaintiff has not met her burden to establish complete diversity as required for the exercise of diversity jurisdiction.

### III.    Failure to Allege a Basis for Municipal Liability

In the case numbered 25-CV-1263, plaintiff sues ACS, alleging that the agency has conducted repeated, unwarranted child-abuse investigations into plaintiff and that the agency was unresponsive to plaintiff's inquiries. *See* Compl. ¶¶ 6–10, No. 25-CV-1263 (Dkt. #1). Plaintiff brings claims for violations of procedural due process under Section 1983, as well as state-law negligence and intentional infliction of emotional distress. *See id.* ¶¶ 11–17. As explained at page 6, *supra*, ACS is a non-suable entity. Plaintiff's complaint is due to be dismissed on this basis alone.

Even if the Court were to substitute the City of New York as the proper party, the Court would lack subject-matter jurisdiction over the action. Plaintiff's complaint is devoid of any allegations about any municipal policy or custom that resulted in a violation of her constitutional rights. Instead, it seeks to hold the City vicariously liable for the actions of its employees. Because that theory of liability is clearly foreclosed by Supreme Court precedent, this federal claim is

"wholly insubstantial and frivolous," and may be disregarded for purposes of subject-matter jurisdiction. *See Arbaugh*, 546 U.S. at 513 n.10. Further, plaintiff fails to adequately plead her own citizenship. To the extent she does, she alleges that she is a resident of the state of New York. *See* Compl. ¶ 4, No. 25-CV-1263. Because the City of New York is a citizen of New York, *see* page 6, *supra*, plaintiff has not met her burden to establish complete diversity as required for the exercise of diversity jurisdiction.

## IV.    State Sovereign Immunity

In the case numbered 25-CV-1216, plaintiff sues the state of New York, asserting that the state failed to maintain accurate records for plaintiff's daughter. *See* Compl. ¶¶ 5–7, No. 25-CV-1216 (Dkt. #1). Plaintiff brings claims for negligence, negligent misrepresentation, and violations of due process, and seeks both injunctive relief and monetary damages. *See id.* ¶¶ 13–23.

"New York has not waived its Eleventh Amendment immunity to suit in federal court." *Gu v. Chen*, No. 24-CV-5113 (EK) (LB), 2025 WL 638424, at *3 (E.D.N.Y. Feb. 27, 2025); *see also Pennhurst*, 465 U.S. at 99 n. 9 ("[A] State's waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts."). Nor does plaintiff identify any applicable exercise of Congress's power under Section Five of the Fourteenth Amendment to abrogate state sovereign immunity. Accordingly, New York is immune from this suit. *See* pages 4–5, *supra*.

## V.    Federal Immunity

In the case numbered 25-CV-947, plaintiff sues various agencies of the federal government for allegedly failing to protect plaintiff and her daughter from unspecified violations of their constitutional rights. Plaintiff seeks both monetary and injunctive relief. *See generally* Compl., No. 25-CV-947 (Dkt. #1). Plaintiff's claims for damages fall squarely within the scope of federal

15

sovereign immunity; because she has not identified any applicable waiver of sovereign immunity, her claims are barred.  *See* pages 5–6, *supra*.

As for plaintiff's claim for injunctive relief, although "Section 702 of the [Administrative Procedure Act] waives the federal government's sovereign immunity in actions for non-monetary relief against an agency or officer thereof brought under the general federal question jurisdictional statute," *Sharkey v. Quarantillo*, 541 F.3d 75, 91 (2d Cir. 2008) (brackets and citation omitted); *see* 5 U.S.C. § 702, this waiver "applies only when there has been an 'agency action' within the meaning of 5 U.S.C. § 551(13)," *SEC v. Credit Bancorp, Ltd.*, 297 F.3d 127, 141 (2d Cir. 2002). "'[A]gency action' includes the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act."  5 U.S.C. § 551(13).  Because plaintiff fails to identify any "agency action" within the meaning of 5 U.S.C. § 551(13), the Court lacks jurisdiction over her claims for injunctive relief as well.

In the case numbered 25-CV-949, plaintiff brings essentially the same claims, also seeking monetary and injunctive relief, against President Donald Trump and former President Joseph Biden.  *See generally* Compl., No. 25-CV-949 (Dkt. #1).  This suit is barred by the absolute immunity applicable to actions taken within a President's official capacity.  *See* pages 5–6, *supra*.

## VI.    No Duty to Investigate

In the case numbered 25-CV-945, plaintiff sues the 102nd Precinct of the NYPD, the City of New York, an individual NYPD officer, and the nonprofit Safe Horizon.  *See* Compl. ¶¶ 5–8, No. 25-CV-945 (Dkt. #1).  Plaintiff alleges that defendants failed to properly investigate her reports regarding incidents of domestic violence and brings claims for violations of her constitutional rights, negligence, and intentional infliction of emotional distress.  *See id.* ¶¶ 11–25. Plaintiff's claims against the NYPD defendants and the City must be dismissed because, among

16

other deficiencies, the police do not owe the public an affirmative duty to investigate reports made. Plaintiff alleges neither a special relationship nor a state-created danger justifying an exception to this rule. *See* page 8, *supra*. Plaintiff's Section 1983 claim against the private nonprofit Safe Horizon must be dismissed for failure to allege state action. *See* page 7, *supra*. And as for any state-law claims against Safe Horizon, plaintiff has failed to allege either her own citizenship or that of Safe Horizon, precluding the exercise of diversity jurisdiction. *See* pages 2–4, *supra*.

\*       \*       \*

"The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (quotation marks, brackets, and citation omitted). "If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (quotation marks and citation omitted); *see Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) (setting forth list of factors to be considered).

On March 5, 2025, the Court issued an order to plaintiff warning that, if she should continue to file factually and legally frivolous lawsuits, the Court would be likely to enter an order barring the acceptance of any future *in forma pauperis* complaint she may submit unless she first obtains leave of court to do so. Plaintiff is again so-warned.

17

**CONCLUSION**

For the foregoing reasons, plaintiff Jillbert Sadigh is ordered to show cause within thirty days of this memorandum and order why the above-identified cases should not be dismissed. Plaintiff shall file a single response to this order to show cause and clearly designate the numbers of the cases to which each portion of the response is intended to apply.  Failure to respond will likely result in the cases being dismissed.  Plaintiff is warned that if she continues to file vexatious, harassing, and duplicative lawsuits, the Court may enjoin her from filing any more cases *in forma pauperis* without first obtaining leave of court.  The Clerk of Court is respectfully directed to mail a copy of this order to plaintiff and file proof of mailing on each docket.

SO ORDERED.

 /s/  Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: April 10, 2025
       Brooklyn, New York